UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL J. NOIL 50814-96** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1743** |
| **STATE OF LOUISIANA DIVISION OF PROBATION AND PAROLE** | **SECTION "A" (1)** |

### RESPONSE IN OPPOSITION TO GRANTING WRIT OF HABEAS CORPUS

#### CUSTODY

The petitioner, Michael J. Noil, is in federal custody and currently incarcerated at the United States Penitentiary in Beaumont, Texas. He has filed his petition under the authority of 28 U.S.C. § 2241 relative to a state detainer issued out of Jefferson Parish, Louisiana.

#### STATEMENT OF THE CASE

On September 24, 1996, the Gretna Police Department issued an arrest warrant for the petitioner relative to the commission of a July 10, 1996 armed robbery under Item No. G-50814-96. (*See* R.Doc. 4, p. 24). Subsequently, the Gretna Police Department lodged a detainer against the petitioner with the Federal Bureau of Prisons as a result of the warrant. (*See* R.Doc. 4, p. 22).

Dated August 15, 2007, Michael J. Noil filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Texas.  On March 7, 2008, the case was transferred to the United States District Court for the Eastern District of Louisiana. No state court record exists at this time as to the offense at issue, and the petitioner's claim is unexhausted.[1] The respondent respectfully submits that disposition of this matter should occur without an evidentiary hearing.

## STATEMENT OF THE ISSUE

In his filing, the petitioner contends that he is being "denied Due Process of Law in his Parole being violated without a Revocation Hearing being conducted." (Petition, p. 4).

## PROCEDURAL OBJECTION - FAILURE TO EXHAUST CLAIM

In the matter before the Court, the petitioner has filed a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241(C)(3).  While § 2241 contains no explicit exhaustion requirement, the United States Fifth Circuit Court of Appeals has required a petitioner seeking relief under § 2241 first to exhaust his state court remedies:

> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91, 93 S.Ct. at 1127-28; *Atkins*, 644 F.2d at 546; Moore, 515 F.2d at 442. *See also* Note, Developments in the Law-Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970).

---

[1] Since the petitioner has not been convicted and sentenced relative to the charge, he could not be subject to parole revocation proceedings.

*Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). An exception to the exhaustion requirement in a § 2241 action may be granted only if "special circumstances" exist. *Dickerson*, 816 F.2d at 226-227, citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).

In this case, the State of Louisiana has not been given the opportunity to address the basis of the petitioner's claim. The petitioner has failed to satisfy the exhaustion requirement, and he has failed to demonstrate the existence of any "special circumstances" to warrant an exception to the requirement. Therefore, the respondent respectfully submits that the petition should be dismissed without prejudice and the petitioner required to pursue appropriate state remedies before seeking federal relief.

## RESERVATION OF RIGHTS

The respondent does not expressly waive any procedural objections and would respectfully reserve the right to submit additional documentation, procedural objections, and/or an argument on the merits.

## CONCLUSION

The respondent submits that the claim in the petition filed by Michael J. Noil is unexhausted. As such, the respondent respectfully submits that the petition should be dismissed without prejudice due to lack of exhaustion.

                                  Respectfully Submitted,

                                /s/ Andrea F. Long
                                ANDREA F. LONG   #24157
                                ASSISTANT DISTRICT ATTORNEY
                                200 DERBIGNY STREET
                                GRETNA, LOUISIANA 70053
                                (504) 368-1020

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document and the notice of electronic filing has been served upon the following non-CM/ECF participant:

                Michael J. Noil  25331-034
                U.S. Penitentiary - Beaumont
                Inmate Mail/Parcels
                P. O. Box 26030
                Beaumont, TX 77720

by placing same in the United States mail, postage prepaid, this 13th day of January, 2009.

                                /s/ Andrea F. Long
                                ANDREA F. LONG