UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL J. NOIL** | **CIVIL ACTION** |
| **versus** | **NO. 08-1743** |
| **STATE OF LOUISIANA**<br>**DIVISION OF PROBATION AND PAROLE** | **SECTION: "A" (1)** |

## REPORT AND RECOMMENDATION

Petitioner, Michael J. Noil, filed in the United States District Court for the Eastern District of Texas a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. That petition was subsequently transferred to this Court,[1] and the matter was referred to the undersigned United States Magistrate Judge for findings and recommendations for disposition.[2] For the following reasons, **IT IS RECOMMENDED** that petitioner's application be **DISMISSED WITHOUT PREJUDICE**.

In 1984, petitioner was convicted in state court in Louisiana and sentenced to a term of twenty years imprisonment. In 1994, he was released by diminution of sentence in the same manner as if on parole.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

Petitioner thereafter once again ran afoul of the law, and he was charged with bank robbery in federal court in 1996. He pleaded guilty to that charge and was sentenced to a term of twenty years imprisonment. He is currently incarcerated at a federal penitentiary in Inez, Kentucky,[3] and it is projected that he will not be released on the federal conviction until 2014.

In light of that federal conviction, the Louisiana Department of Public Safety and Corrections placed a detainer on petitioner alleging that he still had time to serve on his 1984 state conviction and sentence.[4] That detainer remains in effect.

In August of 2007, petitioner filed the instant petition for *habeas corpus* relief alleging that "he was told by the authorities of the State of Louisiana that the detainer will be null and void since the State of Louisiana violated Petitioner's Due Process of law by not timely and respectively providing him a Revocation Hearing to violate him or continue his parole."[5] As relief, he requests that he be afforded an immediate hearing on his alleged parole violation or, alternatively, that the parole proceeding be dismissed.[6]

On February 3, 2009, the Chairman of the Louisiana Parole Board sent petitioner a letter which stated:

> The Parole Board has reviewed the violation report advising that you have been convicted of a felony while on parole.

---

[3] Rec. Doc. 21.

[4] Rec. Doc. 4, p. 23.

[5] Rec. Doc. 4, pp. 11-12.

[6] Rec. Doc. 4, p. 18.

> Your parole has been revoked as provided by law under R.S. 15:574.10. The revocation is for the remainder of your sentence as of the date of your release on parole. You will not be entitled to a revocation hearing as per State of Louisiana ex rel. Theda Bertrand vs. Hunt, 325 So. 2d 788 (La. 1976).[7]

On May 18, 2009, respondent filed in the instant proceeding a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[8] Petitioner was ordered to file a memorandum in opposition to that motion no later than June 3, 2009;[9] however, he has filed no opposition.

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion

---

[7] Rec. Doc. 22, Exhibit 1, Letter to petitioner from C.A. Lowe, Jr., dated February 3, 2009.

[8] Rec. Doc. 22.

[9] Rec. Doc. 24.

for summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In the motion for summary judgment, respondent argues that petitioner's federal application must be dismissed because he has not yet exhausted his state court remedies. The respondent is correct.

Although there is no statutory exhaustion requirement under 28 U.S.C. § 2241, jurisprudence clearly imposes such a requirement. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). Further, the United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).

In connection with the motion for summary judgment, respondent has submitted evidence indicating that petitioner has never sought review of his claims in any state court, much less pursued his claims in the Louisiana Supreme Court.[10] Petitioner has presented no evidence to the contrary demonstrating that a genuine issue of material fact exists with respect to that issue.

---

[10] Rec. Doc. 22, Exhibit 1, Affidavit of Rhonda Z. Weldon.

Because petitioner has not presented his claims to the state's highest court, the Louisiana Supreme Court, and thereby given that court a "fair opportunity" to pass upon those claims, the claims are unexhausted and he is not entitled to relief under 28 U.S.C. § 2241.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that respondent's unopposed motion for summary judgment be **GRANTED** and that the petition for federal *habeas corpus* relief filed by Michael J. Noil be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of June, 2009.

          **SALLY SHUSHAN**
          **UNITED STATES MAGISTRATE JUDGE**